STANLEY J. PANIKOWSKI (Bar No. 224232)
stanley.panikowski@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Tamar Y. Duvdevani (*pro hac vice*) (NY Bar No. 4148847)
tamar.duvdevani@dlapiper.com
Matthew N. Ganas (*pro hac vice*) (NY Bar No. 5070636)
matt.ganas@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: 212.335.4500
Fax: 212.335.4501

Attorneys for Defendant NIKE, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAWHI LEONARD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NIKE, INC.,<br><br>　　　　Defendant. | Case No. 19-cv-01035-BAS-BGS<br><br>**DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL** |

Defendant NIKE, Inc. ("NIKE") files this motion on consent for leave to file under seal a document submitted in redacted form in connection with NIKE's Answer and Counterclaims ("Counterclaims") and its Motion to Transfer Venue, both of which are being filed concurrently herewith. Specifically, pursuant to Civil L.R. 79.2 and Section 5 of this Court's Standing Order For Civil Cases, NIKE submits this administrative motion for an order to seal highly confidential and commercially sensitive portions of a Men's Pro Basketball Contract, effective October 1, 2011, between NIKE USA, Inc., Kawhi Leonard, LLC, as "CONSULTANT," and Plaintiff Kawhi Leonard, as "ATHLETE" and guarantor (the "Contract"). NIKE seeks leave to file under seal an unredacted version of the Contract as Exhibit A to the Counterclaims and for the Court's review, should the Court see fit, in considering NIKE's Transfer Motion. On July 15, 2019, counsel for both parties conferred and Plaintiff does not oppose NIKE's request to file under seal an unredacted version of the Contract for the purpose of this Motion.

Many of the Contract's provisions contain sensitive financial and commercial terms that are highly confidential to NIKE and are irrelevant to the parties' dispute. However, other Contract provisions are central to resolving the intellectual property ownership issues at the heart of this action and serve as the basis for NIKE's improper venue defense and related Transfer Motion. In the interest of public access, NIKE has publicly filed a redacted version of the Contract as Exhibit A to its Counterclaims and Exhibit 1 to the Declaration of Dinusha Welliver in Support of its Transfer Motion. NIKE now seeks leave to file under seal an unredacted version of the Contract, should the Court wish to review the Contract in its entirety in evaluating the pleadings or NIKE's Transfer Motion. If the entire contents of the Contract were made publicly available to NIKE's competitors and potential commercial partners, then NIKE would likely suffer substantial competitive harm.

"A district court may seal its records pursuant to its inherent supervisory power over such documents." *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th

Cir. 2015) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), and *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). The decision to seal is "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. In making that decision, the Court must "weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts." *Id.* at 602; *Hagestad*, 49 F.3d at 1434.

Courts deciding whether to seal a document begin with a presumption of public access to judicial records. *Hagestad*, 49 F.3d at 1434. Yet the Supreme Court has recognized that the common-law right of access to records in civil proceedings is not absolute. *Nixon*, 435 U.S. at 598. At common law, "courts have refused to permit their files to serve as … sources of business information that might harm a litigant's competitive standing." *Id.* (citations omitted). Indeed, "[o]ne factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (applying Ninth Circuit law).

The Contract, together with its attachments, contains highly sensitive, commercial terms governing the endorsement relationship between NIKE and Plaintiff, including confidential financial and payment terms and performance-based incentives, and the specifics of Plaintiff's personal service undertakings as a NIKE brand endorser. The market among sporting apparel companies for attracting high-profile professional athlete endorsements is highly competitive. As such, NIKE treats the commercial terms of all its professional athlete endorsement agreements, like the Contract, as proprietary and highly confidential, as reflected in the Contract's strict Confidentiality provision agreed between the parties. (*See* Counterclaims, Ex. A ¶ 22.)

In the analogous license agreement context, the Ninth Circuit has recognized that compelling reasons exist for the sealing of "pricing terms, royalty rates, and

guaranteed minimum payment terms." *See In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008). Courts in this circuit have also recognized that information subject to confidentiality agreements may also meet the "compelling reasons" standard when accompanied by a particularized factual showing. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137-38 (9th Cir. 2003); *see also Felix v. Davis Moreno Constr., Inc.*, No. CV F 07-0533 LJO GSA, 2008 WL 3009867, at *1 (E.D. Cal. Aug. 1, 2008) ("A Court may order the sealing of court records when they contain confidential or otherwise sensitive business information").

As noted above, NIKE does not seek leave to file the entire Contract under seal. NIKE has already filed publicly a redacted version of the Contract as an exhibit to its Counterclaims and in connection with its Transfer Motion. The redacted Contract discloses certain provisions and definitions that are directly relevant to the parties' claims and defenses or that otherwise do not contain NIKE's confidential business information. NIKE seeks only to seal portions of the Contract that are non-public, not germane to the claims or defenses at issue, and that implicate NIKE's confidential business and financial terms. Thus, NIKE seeks to file under seal only as much of the Contract as is necessary to protect its competitive standing. Were NIKE to publicly disclose all financial and other commercial terms of an endorsement agreement between itself and a high-profile professional athlete, like Plaintiff, there is a serious risk that NIKE's competitors could use that information to gain advantage over NIKE in their own negotiations with similarly-situated professional athletes and potential business partners.

Moreover, sealing the unredacted version of the Contract will not impair the Court's ability to weigh the merits of the parties' pleadings, or NIKE's pending Transfer Motion, because the publicly-filed redacted version discloses the relevant Contract provisions. NIKE seeks to submit a sealed, unredacted version of the Contract for the Court's reference and convenience, should the Court find it helpful

to review for context or completeness in evaluating the pleadings or considering NIKE's Transfer Motion.  Therefore, any effect on the public interest in filing the complete Contract under seal is outweighed by the potential and likely detriment to NIKE of disclosing the highly confidential commercial and financial terms of an endorsement arrangement with a high-profile professional athlete.  Thus, good cause exists to seal the currently redacted portions of the Contract.

For the foregoing reasons, NIKE respectfully requests that the Court grant NIKE leave to file an unredacted version of the Contract under seal as Exhibit A to its Counterclaims.  NIKE is submitting a proposed order to the Court.

Dated:  July 17, 2019

By */s/ Tamar Y. Duvdevani*
STANLEY J. PANIKOWSKI
stanley.panikowski@dlapiper.com
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Telephone:  (619) 699-2700
Facsimile:  (619) 699-2701

Of Counsel:

Tamar Y. Duvdevani (*pro hac vice*)
tamar.duvdevani@dlapiper.com
Matthew N. Ganas (*pro hac vice*)
matt.ganas@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
Tel:  212.335.4500
Fax:  212.335.4501

**ATTORNEYS FOR DEFENDANT NIKE, INC.**