# EXHIBIT A
# [Redacted]

## MEN'S PRO BASKETBALL CONTRACT

THIS IS A CONTRACT made and entered into by and between **NIKE USA, INC.** ("NIKE") and **KAWHI LEONARD, LLC** ("CONSULTANT"). **KAWHI LEONARD** ("ATHLETE"), for purposes of this Contract, is under an exclusive employment agreement with CONSULTANT. NIKE desires the use of ATHLETE's personal services and expertise in the sport of professional basketball and ATHLETE's endorsement of the NIKE brand and use of NIKE products. CONSULTANT has agreed to authorize the use of ATHLETE's name and provide ATHLETE's services upon the terms and conditions contained below. In consideration of the mutual promises, terms and conditions set forth on this "Contract Terms Sheet" and in the attached NIKE Standard Terms and Conditions (the "Standard Terms") the parties agree as follows:

**A.** **CONTRACT PERIOD:** The Contract term shall be October 1, 2011 to September 30, 2014 (the "Contract Period").

**B.** **GRANT OF ENDORSEMENT RIGHTS:** [redacted]

**C.** **USE OF NIKE PRODUCT & PERSONAL SERVICES:** [redacted]

**D.** [redacted]

**E.** [redacted]

**F.** [redacted]

G. ███

H. ███

I. ███

**IN WITNESS WHEREOF**, this Contract has been fully-executed as of the date indicated below.

**CONSULTANT**

_____
(signature)

███

ATHLETE's Team:  San Antonio Spurs

**NIKE USA, INC.**
One Bowerman Drive
Beaverton, OR 97005

By: _____
Tommy Kain
Vice President, North America Sports Marketing

Dated: 10/26/11

## NIKE STANDARD TERMS & CONDITIONS

1. **ADDITIONAL DEFINITIONS.** The terms set forth below in this Paragraph shall be defined for all purposes under this Contract as follows:
   (a) "NIKE Group" shall mean NIKE USA, Inc., NIKE Retail Services, Inc. (d/b/a NikeTown), their parent company NIKE, Inc., their licensees, distributors, subsidiaries, affiliates and any successor companies thereto.
   (b)
   (c)



   (d) "NIKE Products" shall mean all "Products" in connection with which, or upon which, the NIKE name, the Swoosh Design, the NIKE AIR Design, the Basketball Player Silhouette ("Jumpman") Design or any other trademarks or brands (e.g., Sports Specialties, Brand Jordan, SPL.28) now or hereafter owned and/or controlled by NIKE appear (collectively, the "NIKE Marks"), singly or in any combination.
   (e) "Contract Year" shall mean a 12-month period from October 1 until September 30.
   (f)
   (g)

   (h)
   (i)

   (j)

   (k)



(l)

(m)

(n)

(o)

(p)

(q)

(r)



2. **USE OF NIKE PRODUCTS.**



[redacted]

3. **CONSULTATION.** Throughout the Contract Period, CONSULTANT promises and agrees to make ATHLETE available to render, and shall upon NIKE's request render, independent consulting and other personal services for the purposes of assisting NIKE in the design, development, advertisement, marketing and/or sale of NIKE Products and the promotion of basketball or NIKE brands. CONSULTANT agrees ATHLETE shall also, as requested, report to NIKE, either orally or in writing if so requested, on the NIKE Products supplied to ATHLETE through NIKE's product development testing program. Such written or oral reports shall address the fit, design, wear characteristics, function, materials and construction techniques of NIKE Products ATHLETE wears or uses.

4. **PRODUCTION COOPERATION.** [redacted]

5. [redacted]

6. [redacted]



7. **USE OF ATHLETE ENDORSEMENT.**

8. **OWNERSHIP OF NIKE MARKS, DESIGNS & CREATIVES.** CONSULTANT (a) acknowledges that NIKE exclusively owns all rights, title and interest in and to the NIKE Marks and that NIKE shall exclusively own all rights, title and interest in and to any logos, trademarks, service marks, characters, personas, copyrights, shoe or other product designs, patents, trade secrets or other forms of intellectual property created by NIKE (and/or its agents), CONSULTANT or ATHLETE in connection with this Contract; (b) shall completely cooperate with NIKE in its efforts to obtain and maintain protection for such right, title and interest, including by promptly executing any documents as may be required by NIKE in connection therewith; and (c) further acknowledges that after expiration or termination of this Contract, NIKE shall continue to have the unrestricted right to use (and without any CONSULTANT or ATHLETE approval) such intellectual property, including without limitation the right to re-issue a "signature" product previously associated with ATHLETE, provided that such post-contractual use shall not then-include the ATHLETE Endorsement.

9. 

10.



Exhibit A, Page 35

11. **RIGHTS OF TERMINATION.**

12. 

13. **REPRESENTATIONS, WARRANTIES AND COVENANTS.** CONSULTANT represents, warrants and covenants that:

    (a) Neither CONSULTANT nor ATHLETE shall approve any use by their licensees of any photographs or footage of ATHLETE in which NIKE Marks that appear on Products worn and/or used by ATHLETE have been airbrushed, digitally altered or otherwise obscured;

    (b) Neither CONSULTANT nor ATHLETE shall permit, or authorize (except as permitted under the foregoing clause (a)), any third-party licensee of theirs to use any NIKE Marks or condone any licensee's unauthorized use thereof.

    (c)
    (d)
    (e)
    (f)


Exhibit A, Page 36

[REDACTED]

14. **EQUITABLE REMEDIES.** In the event CONSULTANT or ATHLETE breaches any material term of this Contract, in addition to any and all other remedies available at law or in equity, NIKE shall be entitled to injunctive relief from further violation of this Contract, during any litigation as well as on final determination thereof, without prejudice to any other right of NIKE hereunder or otherwise.

15. **NOTICES.** [REDACTED]

16. **CONSULTANT/NIKE RELATIONSHIP.** [REDACTED]

17. **ASSIGNMENT/DELEGATION.** [REDACTED]

18. **WAIVER.** The failure at any time of either party to demand strict performance by the other party of any of the terms or conditions of this Contract shall not be construed as a continuing waiver or relinquishment thereof, and either party may, at any time, demand strict and complete performance by the other party.

19. [REDACTED]

20. **SEVERABILITY.** Every provision of this Contract is severable.

21. **GOVERNING LAW & JURISDICTION.** This Contract shall be governed by and construed in accordance with the laws of the State of Oregon and except as provided in Paragraph 14, any suit or action arising hereunder shall be filed in a Court of competent jurisdiction within the State of Oregon. CONSULTANT and ATHLETE hereby consent to personal jurisdiction within the State of Oregon and to service of process by registered or certified mail addressed to the respective party as set forth above.

22. **CONFIDENTIALITY.** CONSULTANT and ATHLETE shall not (nor shall they permit or cause their agents, attorneys, accountants, representatives or employees to) disclose the financial or other material terms of this Contract, the marketing plans of NIKE, or material or information disclosed to CONSULTANT or ATHLETE (or by CONSULTANT or ATHLETE to NIKE) pursuant to Paragraph 3 above, to any third party, with the exception only of CONSULTANT's or ATHLETE's agents, attorneys, accountants, representatives or employees, except as may be required by law. This Paragraph shall survive the termination or expiration of this Contract.

23. **ENTIRE CONTRACT.** This Contract shall constitute the entire understanding between CONSULTANT and NIKE and may not be altered or modified except by a written agreement, signed by both parties. Any previous agreements between the parties shall have no further force or effect.

--- *END* ---

## SCHEDULE A





1

## GUARANTY

By a certain Contract, entitled Men's Pro Basketball Contract and dated effective October 1, 2011, NIKE USA, Inc. ("NIKE") and KAWHI LEONARD, LLC., ("CONSULTANT") contracted for the grant to NIKE of certain rights and the provision to NIKE of certain services. In order to induce NIKE to enter into said Contract, I, KAWHI LEONARD ("ATHLETE"), hereby guarantee the performance by CONSULTANT of all its obligations under said Contract and agree personally to render all services and fulfill all undertakings called for therein. I acknowledge and agree that a breach of this Guaranty shall be grounds for termination of the Contract by NIKE under Paragraph 11 thereof. This guaranty incorporates by this reference and is governed by the same "Contract Terms Sheet" and "NIKE Standard Terms & Conditions" that are attached to and form a part of the Contract.

_____
Kawhi Leonard

DATE: 9/30/11

Dear Nike Athlete,



**NikeTown Locations:**

Beverly Hills, CA • San Francisco, CA • Denver, CO • South Miami, FL • Atlanta, GA • Honolulu, HI • Chicago, IL • Las Vegas, NV • Boston, MA • New York, NY • Seattle, WA

Exhibit A, Page 41