# EXHIBIT 2

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In the matter of Trademark
Registration No. 5608427

Mark: 
Filed: November 7, 2017
Registered: November 13, 2018

| | |
|---|---|
| NIKE, INC. | )<br>)<br>) |
| Petitioner, | )<br>) |
| V | ) Cancellation No. _____ |
| KAWHI LEONARD, | )<br>)<br>) |
| Registrant. | )<br>) |

## PETITION TO CANCEL

NIKE, Inc. ("NIKE" or "Petitioner"), an Oregon corporation located and doing business at One Bowerman Drive, Beaverton, Oregon 97001, believes that it is or will be damaged by Registration No. 5,608,427 (the "'427 Registration") issued on the Principal Register on November 13, 2018 for the alleged mark  (the "KL2 Logo") in Class 25, for which Kawhi Leonard ("Leonard" or "Registrant") is currently the purported owner of record. Petitioner hereby petitions to cancel the same.

The grounds for this Petition are as follows:

1. Petitioner has been and is likely to continue to be damaged by continuance of the '427 Registration, because Leonard filed for the '427 Registration to create the appearance of

1

ownership of federal trademark rights in the KL2 Logo, and Leonard is currently alleging in a federal litigation against Petitioner that it is the owner of those rights. In fact, it is NIKE, and not Leonard, that owns all intellectual property rights that exist in the KL2 Logo, as it is NIKE, and not Leonard, that (1) created the KL2 Logo; and (2) affixed the KL2 Logo to goods sold in interstate commerce prior to any such commercial use by Leonard, if such use in fact exists. Leonard also contractually agreed that NIKE is the owner of all intellectual property rights in the KL2 Logo, and Leonard is bound by that agreement.

2. By virtue of the foregoing, if the '427 Registration is permitted to remain on the Principal Register, with all of the presumptions conferred by its status as a Principal registration, Petitioner will continue to be subjected to harm, and Leonard will enjoy unlawful gain and advantage to which he is not entitled under the Trademark Act of 1946.

### History of the KL2 Logo

3. Leonard and NIKE entered into an agreement on October 1, 2011 (the "Agreement"), which provided in part that Leonard would endorse the NIKE brand and NIKE-branded products. In connection with Leonard's endorsement, NIKE's designers created a logo to affix to the NIKE products that were identified in the Agreement.

4. During the term of the Agreement and in connection therewith, NIKE's design team created a number of proposed designs. While Leonard provided to NIKE the idea for a design of a hand that incorporated the initials "KL" and the number 2, NIKE's designers, not Leonard, created the KL2 Logo. In fact, the only rendering of any design that Leonard provided to NIKE in connection with the Agreement or otherwise is reproduced below, and is clearly distinct from the KL2 Logo:

2



5. Pursuant to the Agreement, Leonard agreed that NIKE retained all rights, title, and interest to all trademarks and logos that were created in connection with the Agreement, which includes the KL2 Logo.

6. Leonard signed the Agreement, and knowingly and explicitly agreed to the aforementioned terms, which gave NIKE all right, title, and interest to the KL2 Logo. As a result, Leonard knew that NIKE, and not Leonard, is the rightful owner of all rights in and to the KL2 Logo. In fact, in an article originally published on October 19, 2014 on www.nicekicks.com, Leonard is quoted as acknowledging that while he came up with the idea of incorporating his initials in a logo and providing a rough draft (shown above), "I give the Jordan Brand team all the credit because I'm no artist at all . . . They refined it and made it look better than I thought it would ever be, and I'm extremely happy with the final version." https://www.nicekicks.com/kawhi-leonard-says-claw-logo-idea/.

7. NIKE began use in commerce of the KL2 Logo on NIKE-branded apparel as early as Spring 2016.

8. Relying on the terms of the Agreement -- and the fact that it is the owner of the KL2 Logo pursuant to United States copyright law -- NIKE filed a copyright application for the KL2 Logo, which was granted registration on May 11, 2017 (Reg. No. VA0002097900).

9. Meanwhile, and unbeknownst to NIKE, Leonard improperly filed a U.S. federal trademark application (the "KL2 Application") for what ultimately became the '427 Registration on November 7, 2017 based on an intent to use in commerce for goods in Class 25, namely, "hats; shirts; pants; shorts; jackets; sweatshirts; sweatpants; jeans."

10. According to the USPTO records, on or about August 30, 2018, Registrant filed a Statement of Use with the USPTO, which claimed Registrant had been using the KL2 Logo in commerce as follows: jackets as early as February 2016; hats as early as May 2016; shirts, sweatpants, and sweatshirts as early as August 2016; and shorts, pants, and jeans as early as March 2017. All of these dates are either subsequent to NIKE's first use of the KL2 Logo in early 2016, or appear in actuality to be NIKE's first use dates, and *not* Leonard's.

11. According to the USPTO records, Registrant submitted a specimen showing use of the mark on a sweatshirt; however, this specimen is comprised of a mere photo of a sweatshirt against a non-descript background, with no indication of how the product could be purchased and no other hangtags or sales labels affixed to the garment. It appears likely that this specimen is fraudulent, a fact that NIKE will seek to prove during this proceeding.

12. On November 18, 2019, the USPTO granted registration to the KL2 Application, ultimately becoming the '427 Registration.

13. NIKE became aware in December 2018 that Leonard was continuing to use the

4

KL2 Logo on non-NIKE endorsed products.

14. Accordingly, NIKE notified Leonard that his use (or his sponsors' use) of the KL2 Logo on products that did not originate from NIKE was in violation of the Agreement, and requested that Leonard and his sponsors cease use of the KL2 Logo.

15. Several months later (during the NBA playoffs) and in response to NIKE's letter, Leonard filed a declaratory judgment action in the Southern District of California (Case No. 19CV1035 BAS BGS). Leonard's complaint alleges ownership of the '427 Registration, seeks a declaration from the court that Leonard is the owner of the copyright in the KL2 Logo, claims that NIKE committed fraud on the Copyright Office, and that, therefore, his use of the KL2 Logo does not violate NIKE's intellectual property rights. This litigation is currently pending in the Southern District of California.

### **Count I: Void *Ab Initio***

16. NIKE re-alleges the allegations contained in Paragraphs 1 through 15 of this Petition to Cancel.

17. An application must be filed by the party who is the owner of the mark as of the application filing date. *See* TMEP §1201. If the applicant does not own the mark on the application filing date, the application is void. 37 C.F.R. §2.71(d).

18. At the time Leonard filed the KL2 Logo application, Leonard was not the owner of the KL2 Logo and had already agreed that NIKE was the rightful owner of the mark by virtue of the terms of the Agreement. In fact, it was NIKE that created the KL2 Logo and perfected its rights by using the KL2 Logo in commerce prior to any such purported use by Leonard.

19. Accordingly, the '427 Registration is invalid on the ground of void *ab initio*, and should be cancelled.

5

Exhibit 2, Page 8

## Count II: Fraud On The U.S. Patent & Trademark Office

20. NIKE re-alleges the allegations contained in Paragraphs 1 through 19 of this Petition to Cancel.

21. Numerous acts of fraud have been perpetrated against the USPTO with respect to the '427 Registration, any one of which requires that the '427 Registration be cancelled in its entirety.

22. A petition to cancel a registration is appropriate "[a]t any time if . . . registration was obtained fraudulently or contrary to the provisions of section 1054 of title 15 or subsection (a), (b), or (c) of section 1052 of title 15 for a registration under this chapter, or contrary to similar prohibitory provisions of such prior Acts for a registration under such Acts . . . " 15 U.S.C. § 1064(3).

23. The '427 Registration should be cancelled under Section 14 of the Lanham Act, 15 U.S.C. § 1064(3), because the '427 Registration was obtained fraudulently.

24. On October 13, 2017, without the knowledge or authorization of NIKE, Registrant filed or caused to be filed or directed the filing of the KL2 Application, expressly acknowledging the following statements:

> *"To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."*

> *"The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true."*

6

25. The '427 Application also included first use dates for various categories of goods that were either false and/or were in fact the dates that NIKE, not Leonard, first used the KL2 Logo in connection with NIKE merchandise.

26. The '427 Application was therefore filed with the intent to induce authorized agents of the USPTO to register the KL2 Logo and, reasonably relying upon the truth of said false statements, the USPTO did, in fact, register the KL2 Logo.

27. Registrant knowingly made false representations of a material fact in its '427 Application, and Registrant had an intent to deceive.

28. Registrant intended to induce the USPTO to rely upon Registrant's false representations of a material fact and thereby acknowledge and register the KL2 Logo.

29. Registrant's intentional false representations of a material fact deceived the USPTO into acknowledging and accepting the '427 Application.

30. In the view of the foregoing, the '427 Registration was obtained fraudulently.

31. Accordingly, the '427 Registration is invalid on the ground of fraud and should be cancelled under Section 14 of the Lanham Act, 15 U.S.C. § 1064(3).

**WHEREFORE,** Petitioner requests that this Petition be granted and that Registration No. 5,608,427 be cancelled.

Respectfully submitted,

7

Exhibit 2, Page 10

Dated: 7/17/2019

By: /s/ Tamar Duvdevani

Tamar Duvdevani
**DLA PIPER US LLP**
1251 Avenue of the Americas
27th Floor
New York, NY 10020
Telephone: (212) 335-4799

Attorney for Petitioner
**NIKE, INC.**